IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Daerell Doville,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Eric Greenway; Col. Quandara Grant; Major Latasha Robinson; County Counsel of Beaufort Detention Center; Cpl. J. White; LCpL Jesse Scott; LCpL Q. Johnson; PFC. C. Alexander; PFC. A. George; Dana Aiken; Mediko Correctional Healthcare,<br><br>　　　　　　Defendants. | Case No.: 0:23-cv-5003-JD-PJG<br><br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 50.)  Plaintiff Christopher Daerell Doville ("Plaintiff" or "Doville"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendants Eric Greenway; Col. Quandara Grant; Major Latasha Robinson; County Counsel of Beaufort Detention Center; Cpl. J. White; LCpL Jesse Scott; LCpL Q. Johnson; PFC. C. Alexander; PFC. A. George; Dana Aiken; and Mediko Correctional Healthcare, alleging various constitutional violations and tort injuries that occurred during his time at the Beaufort County Detention Center.  (DE 1.)

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

On December 12, 2023, Defendants Dana Aiken and Mediko Correctional Healthcare (collectively "Medical Defendants") filed a Motion to Dismiss. (DE 10.) Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Doville of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the Medical Defendants' motion. (DE 11.) Doville filed a response in opposition (DE 19, 21), and the Medical Defendants replied (DE 20.)

The Report was issued on June 20, 2024, recommending the Medical Defendants' motion to dismiss be granted. (DE 50.) Plaintiff did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 50) and incorporates it here by reference.

It is, therefore, **ORDERED** that the Medical Defendants' Motion to Dismiss (DE 10) is granted without prejudice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 29, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.